■ YVONNE HUESCA, Appellant, v NEW YORK CITY FIRE DEPARTMENT et al., Respondents. [756 NYS2d 873] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated October 7, 2002, as granted her motion to compel disclosure of a certain surveillance videotape pursuant to CPLR 3124 and granted the cross motion of the defendant City of New York for a protective order to the extent of directing her to submit to a further deposition and conditioning the production of a certain surveillance videotape by the City upon the completion of such further deposition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted unconditionally, and the cross motion for a protective order is denied; and it is further,

Ordered that the defendant City of New York is directed to produce a copy of the surveillance videotape within 10 days of service upon it of a copy of this decision and order with notice of entry thereof.

In light of the Court of Appeals decision in *Tai Tran v New Rochelle Hosp. Med. Ctr.* (99 NY2d 383 [2003]), the plaintiff's motion to compel production of the surveillance video must be granted unconditionally. Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.